### A. S. CLARK V. CYCLONE WOVEN WIRE FENCE COMPANY.

Decided October 21, 1899.

**1.  Anti-Trust Law—Contract Not Violating the Statute.**

A contract between a manufacturing company holding a patent right on wire fencing and an individual, giving to the latter the exclusive right to build, weave, and construct wire fences in a specified territory, and which binds the latter to purchase the wire, pickets, and fence machines from such company at fixed prices, is not violative of the anti-trust statute.

**2.  Same—Rescission—Tendering Back Property—Fraud.**

Where defendant seeks a rescission of the contract sued on because of fraud, and tenders back to plaintiff certain property which came into his hands by virtue of the contract, he can not complain that the judgment requires him to return the property so tendered to the plaintiff, even though the contract may have been void under the anti-trust statute.

**3.  Patent Right—Infringement—Damage.**

Where the patentee of an article conveys the right to sell it in a specified territory, agreeing to protect the purchaser of such right against infringement therein, and fails to protect him against an infringement such as prevents him from being able to make sales, he is entitled to recover from the patentee the value of the time and labor expended by him in trying to make sales.

APPEAL from Dallas.   Tried below before Hon. W. J. J. SMITH.

*R. M. Clark,* for appellant.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit by appellee against the appellant on a promissory note for $1187.90, dated May 20, 1896, with interest at the rate of 7 per cent per annum from date until paid and for attorney's fees.   Appellant answered by general denial, and by special answer in which he pleaded that he executed the note sued on in consideration that appellee leased to appellant certain territory, being a part of Dallas County and all of Collin and Grayson counties for one year from May 20, 1896, giving to appellant the exclusive right to build, use, and construct wire fence in the field under certain letters patent described in the pleading, and the further consideration of twenty-one fence machines and 47,900 pickets, and the further agreement on the part of plaintiff to sell one-half of the machines purchased by the defendant from plaintiff and give defendant the commission.   Defendant

alleged that he was induced to sign the note and contract by the fraudulent representations of plaintiff, specifically setting out said representations. Defendant further pleaded that he had received from plaintiff certain property which he had on hand belonging to plaintiff consisting of thirty fence machines and 12,000 28½-inch pickets and 15,000 54-inch pickets, and $67.90 in money which he had received for plaintiff. The above property was tendered to plaintiff, and the $67.90 paid into court.

Defendant further pleaded that the lease contract and note sued on are in violation of the trust law of Texas, in that it gave to defendant the exclusive right to sell pickets in the territory named in the contract, and compels defendant to purchase said pickets from plaintiff at a fixed price. Defendant alleged that plaintiff failed to keep its part of the contract, and he reconvened for damages in the sum of $1150, which he claimed to have sustained by reason of plaintiff's failure to perform its part of the contract.

Plaintiff replied to defendant's pleading of general and special exceptions and specially denied the allegations in defendant's answer. The case was submitted to the jury upon special issues upon which the court rendered judgment that the plaintiff recover nothing upon the note sued upon, that the note be canceled, and that defendant recover costs; and further, that plaintiff have judgment against the defendant for $67.90 in money, and for the possession of certain pickets and fence machines which defendant had tendered back in his pleading.

*Conclusions of Fact.*—On the 20th of May, 1896, the Cyclone Woven Wire Fence Company, of the County of Oakland, State of Michigan, and A. S. Clark, of Dallas County, Texas, entered into a contract by which said fence company leased to said Clark the exclusive right to build, weave, and construct wire fences in the field under letters patent, No. 316,458, dated April 28, 1895, granted to William Hewitt, and letters patent No. 518,506, dated April 17, 1894, granted to John Lane and Cornelius Lane, except for railroad rights in all that part of Dallas County, Texas, situated southwest of the Trinity River, and also all of Collin and Grayson counties in said State for the term of one year. Said company also sold twenty-one No. 10 Cyclone fence machines at $25 each, and 20,-000 54-inch pickets at $10 per thousand, and 17,900 28½-inch pickets at $6. Said Clark had the privilege of continuing the contract from year to year, provided he should do all in his power to consummate the sale of said Cyclone machines, and introduce the Cyclone fence in the territory named. He further agreed that all wire pickets and stays and machines used in building fences under said patents should be furnished by the Cyclone Woven Wire Fence Company, of Holly, Michigan. There was a previous contract between the same parties, made December 18, 1895, under which Clark purchased from said fence company ten of said fence machines. This contract was similar to the contract of 1896, but it only embraced the territory comprising that part of Dallas County west of the Trinity River. It was represented to Clark by the agent of the com-

pany at the time the contract was made that the company had a patent on its pickets, and it agreed to protect said Clark from all infringements upon said patents.

The jury found the following facts, which we adopt, under the special issues submitted to them.

First. The agent of the Cyclone Woven Wire Fence Company represented to the defendant, A. S. Clark, at the time of the execution of the license contract and the note sued on, that said fence company had a patent on the pickets to be used in the construction of the fence.

Second. That said representation was made for the purpose of deceiving the defendant, and that defendant Clark believed said representations to be true; that he relied upon the representations in purchasing the machines and pickets from plaintiff and in executing the note sued on; that said representations were part of the consideration that induced defendant Clark to execute the note sued on, and that he would not have purchased said goods and executed the note if such representations had not been made to him.

The jury further found that the fence company did not have a patent on the pickets, and that at the time said license contracts were made between it and Clark, the agent of the fence company did represent to Clark that the company would protect him in the territory covered by the license contracts from infringements by other persons on the patents of plaintiff on the fence to be handled by defendant, and that defendant accepted and relied upon such representations in making said contracts and in purchasing said material and machines and in executing the note sued on; that the Haish fence was practically the same as the plaintiff's fence, and that the reasonable value of the defendant's time in trying to sell the said machines and fence was $195.

The evidence further shows that Owens & Co. were selling what is known as the Haish fence within the territory named in the contract between plaintiff and defendant, and that because the said Haish fence was a cheaper fence and the same kind of a fence in all respects as the fence covered by the patents mentioned in the contract, defendant Clark was unable to sell said fence or fence machines; that he called the attention of the agent of appellee to said fact; that the agent admitted that the Haish fence was practically the same as the fence manufactured by appellee, and further agreed to take action preventing such infringement. This it failed to do, and thereby defendant was damaged in the amount found by the jury.

*Conclusions of Law.*—Appellant in his brief presents three propositions in which he contends that there was error in the judgment of the trial court, and insists under two of his contentions that the judgment should be reversed and the cause remanded. In the third he contends that, if the judgment should not be reversed, then it ought to be reformed.

We will consider each of appellant's contentions, but in a different order from that presented in his brief.

1. Appellant contends that the contract between plaintiff and defendant is a combination against trade and intended to prevent competition, and is therefore void under what is commonly known as the anti-trust law of this State. The contract was for the sale of twenty-one fence machines and certain pickets. It was also a contract granting to appellant the right to build, weave, and construct wire fences in the specified territory therein named under letters patent granted by the United States Patent Office. The fence was to be constructed of wire and wire pickets. The contract bound the appellant to purchase the wire and pickets, or stays, and machines used in building the fences under said patent, from appellee. We do not think that this contract constituted such a combination of capital and skill as is denounced by our statute against trusts.

It does not follow that if the contract was void under the trust law, the judgment as rendered should be reversed. The defendant pleaded that the note was procured by the fraud of the plaintiff and sought a rescission of the contract and note. He admitted that he had on hand certain property, and money, the proceeds of property, belonging to plaintiff. All this he described and tendered back to plaintiff. The money was paid by him into the registry of the court. The jury having found that the note was procured by fraud, the court rendered judgment canceling the note and taxing the cost against plaintiff, but further rendered judgment for plaintiff against defendant for the money and property which the defendant admitted he had belonging to plaintiff and which he had tendered to plaintiff in his pleadings. In this there was no error. It was an executory contract. The plaintiff was entitled to recover the property so tendered, although the contract by virtue of which the property came into defendant's possession may have been void under the trust law.

2. Again, counsel for appellant insist that the issue of tender was controverted, and hence should have been submitted to and passed upon by the jury. The cause was submitted on special issues. The court did not submit to the jury the issue as to the amount of property held by plaintiff belonging to defendant. There was no request by either party to have this matter found by the jury. The defendant had pleaded the amount and tendered the same to plaintiff. The court rendered judgment for plaintiff for the amount so tendered. The appellant is in no attitude to complain of this action of the court.

3. The contention is made that the court erred in refusing to render judgment for appellant for $195 claimed by him as damages sustained by reason of appellee's failure to keep and perform its part of the contract. The appellant had purchased certain fence machines which it was contemplated he would sell in the territory set out in the contract. He had the exclusive right to construct and weave fence in the territory specified in the contract and to sell the same. The appellee represented that it had patents upon its machines and pickets, and agreed to protect

the appellant in the sale of its machines and fence in said territory against all infringements. Another party did infringe upon said patents and upon appellee's attention being called to the matter, its agent admitted the infringement and agreed to protect appellant. It failed to do so. By reason of said infringement the appellant was unable to sell the fence machines or fence. He spent some time in trying to do so, and failed. The jury found that the reasonable value of appellant's time in trying to sell said machines and fence was $195. The court in rendering judgment refused to give judgment for defendant, now appellant, for this sum. He excepted to the action of the court, and has saved the exception by proper assignments of error.

We are of opinion that in this action the trial court erred.

The judgment will here be reformed so that plaintiff (appellee) take nothing upon the note sued upon, and that the said note be canceled, and that as to said note defendant (appellant) go hence and recover his costs. Judgment will be rendered in favor of appellee, Cyclone Woven Wire Fence Company, against appellant, A. S. Clark, for thirty fence machines, 12,000 28½-inch pickets, and 15,000 54-inch pickets, and $67.50, the property and money tendered by said defendant to plaintiff in his pleadings. Judgment will also be rendered in favor of appellant, A. S. Clark, against appellee, Cyclone Woven Wire Fence Company, for $195, with 6 per cent per annum interest from February 17, 1899, the date of trial in the lower court, and as reformed is affirmed.

The costs of this appeal are taxed against appellee.

*Reformed and affirmed.*